### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF MISSISSIPPI
### ABERDEEN DIVISION

**HAAS OUTDOORS, INC.**

   *Plaintiff,*

vs.

**ARIAT INTERNATIONAL, INC.**

   *Defendant*

CIVIL ACTION NO.: 1:25-CV-184-SA-DAS

JURY TRIAL DEMANDED

## VERIFIED COMPLAINT FOR COPYRIGHT INFRINGEMENT

 Plaintiff, Haas Outdoors, Inc. ("Haas"), by its undersigned counsel, files this civil action against Defendant, Ariat International, Inc. ("Ariat" or "Defendant"), for preliminary and permanent injunctive relief and monetary damages, alleging the following:

## PARTIES

 1. Haas is a corporation duly organized and existing under the laws of the State of Mississippi and has its principle place of business at 26420 East Main Street, West Point, Mississippi.

 2. Ariat is a California corporation with its principle place of business at 1500 Alvarado Street, Suite 100, San Leandro, California 94577. According to the Office of the Secretary of State of California, Ariat can be served process through its registered agents Koy Saechao, Rebecca Vang, Alex Jenkins, Wendy Harris, Melissa Dekoven, Crystal Rodriguez, Maddie Bright, Jae Hall, or Aaron Caneles.

## JURISDICTION AND VENUE

3.      This is an action for copyright infringement in violation of 17 U.S.C. § 501. Subject matter jurisdiction in this matter is appropriate pursuant to 28 U.S.C. §§ 1331 and 1338.

4.      This Court has personal jurisdiction over Defendant Ariat since it has committed acts of copyright infringement within this State and in this judicial district, and a substantial part of the events or omissions giving rise to the claim occurred within the state of Mississippi and this judicial district, as more fully described below.

5.      Venue is proper with this court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Haas' claims occurred in this District.

## BACKGROUND
### Haas' Intellectual Property

6.      Haas is one of the nation's largest producers of camouflage, camouflage clothing, and accessories. Since 1986, Haas has manufactured, and licensed for manufacture by third parties, camouflage, camouflage clothing, and accessories under the trademark MOSSY OAK®. Additionally, Haas markets its products under a number of other marks, many of which are associated with its various camouflage patterns, including Haas' BOTTOMLAND® Pattern. Haas' BOTTOMLAND® Pattern has been widely advertised, and products that incorporate the BOTTOMLAND® Pattern have been extensively offered throughout the United States and foreign countries. The BOTTOMLAND® Pattern has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Haas, its quality products, and its good will. Haas' BOTTOMLAND® Pattern has become one of the most popular, and best-selling, camouflage patterns in the history of the camouflage industry. Haas licenses the BOTTOMLAND® Pattern to approximately 600 licensees throughout the United States and foreign countries.

7.     Haas has obtained registration with the United States Copyright Office ("Copyright Office") for the BOTTOMLAND® Pattern. The Copyright Office issued Certificate of Registration No. VAu000096523 to Haas for the work titled "Mossy Oak" as a fabric design, effective March 24, 1986.[1] The BOTTOMLAND® registration is in full force and effect. Additionally, the BOTTOMLAND® registration was made before five years after first publication of the BOTTOMLAND® Pattern and is therefore presumed valid under 17 U.S.C. § 410(c).  A true and correct copy of the BOTTOMLAND® certificate of registration is attached hereto as Exhibit 1.

**Defendant's Infringing Products**

8.     Ariat is an outdoor and lifestyle brand that markets and sells its products, such as clothing and footwear, within this State and judicial district.

9.     Ariat was a former licensee of MOSSY OAK® patterns from 2017 until 2019.

10.    On or around October 12, 2025, Haas became aware that Ariat, without authorization from Haas, was using a camouflage design pattern on its products that directly copies protectable elements of Haas' BOTTOMLAND® Pattern and incorporates elements that are substantially similar to Haas' BOTTOMLAND® Pattern, including, at least, overall arrangement, color palette, motif sequencing, and unique geometric repetition (hereinafter referred to as the "Accused Pattern").

11.    Ariat markets and sells products that incorporate the Accused Pattern under the Ariat brand in this State and judicial district. For example, Defendant operates one or more

---

[1] Although the title of the certificate of registration refers to the "Mossy Oak" pattern, Haas markets and sells the registered pattern to consumers under the trademark BOTTOMLAND®. Accordingly, the term "BOTTOMLAND® Pattern" will refer to the Mossy Oak certificate of registration attached as Exhibit 1 hereto.

3

interactive websites accessible in Mississippi, through which it infringes Haas' BOTTOMLAND® Pattern by displaying infringing products bearing the Accused Pattern, and, upon information and belief, through which Ariat sells, offers to sell, or has sold to customers in the United States, including in Mississippi, those same infringing products.

12.     Attached hereto as Exhibit 2 is a web printout of the Ariat website, accessed on October 31, 2025, showing at least one of Ariat's products available for sale that bears the Accused Pattern. Ariat markets, sells, offers to sell, and has sold this product as the "Caldwell Logo 1/4 Zip Sweater" (the "Caldwell Sweater").

13.     Ariat markets, sells, offers to sell, and has sold the Caldwell Sweater in brick-and-mortar stores within this State and judicial district. Specifically, the Caldwell Sweater is available for sale at the Rural King Store in Columbus, Mississippi. Haas lawfully purchased a Caldwell Sweater from the Rural King Store on October 12, 2025. Attached hereto as Exhibit 3 is a copy of a purchase receipt of the Caldwell Sweater made on October 12, 2025, at the Rural King Store in Columbus.

14.     In hopes of resolving this matter, Haas began to correspond with Ariat on or around October 28, 2025, regarding the Accused Pattern. Through the course of the correspondence, Ariat confirmed to Haas that Ariat procured an unauthorized print of the Accused Pattern from Shutterstock (the "Accused Pattern Print") to use on its products. At no point in time did Shutterstock, or any putative author(s) of the Accused Pattern Print, hold a license, consent, or other authorization from Haas to use any portion of the BOTTOMLAND® Pattern. In the same correspondence, Ariat also provided to Haas the Accused Pattern Print, which is reproduced below in paragraph 15.

4

15.    Haas has analyzed the Accused Pattern Print provided by Ariat. Shown below are side-by-side comparison overlays of Ariat's Accused Pattern Print against Haas' BOTTOMLAND® Pattern print. As can be seen, the Accused Pattern Print is virtually identical to Haas' BOTTOMLAND® Pattern:



| Haas' BOTTOMLAND® Pattern Print | Ariat's Accused Pattern Print |
|---|---|

| Haas' BOTTOMLAND® Pattern Print | Ariat's Accused Pattern Print |
|---|---|



| Haas' BOTTOMLAND® Pattern Print | Ariat's Accused Pattern Print |
|---|---|



16.     Upon information and belief, Ariat derived the Accused Pattern from the Accused Pattern Print for use on its products, including, at least, the Caldwell Sweater. The Accused Pattern directly copies protectable elements of Haas' BOTTOMLAND® Pattern and incorporates elements that are substantially similar to Haas' BOTTOMLAND® Pattern. Upon information and belief, Ariat created (or caused to be created) the Accused Pattern in an attempt to disguise its infringement of Haas' BOTTOMLAND® Pattern. However, such efforts were futile, and in no event do any such efforts absolve Defendant of its infringement liability.

17.     Haas has analyzed a Caldwell Sweater bearing the Accused Pattern. Shown below are side-by-side comparison overlays of the Caldwell Sweater bearing the Accused Pattern against Haas' BOTTOMLAND® Pattern print. As can be seen, the Accused Pattern directly copies protectable elements of Haas' BOTTOMLAND® Pattern and incorporates elements that are substantially similar to Haas' BOTTOMLAND® Pattern, including, at least, overall arrangement, color palette, motif sequencing, and unique geometric repetition:

| Haas' BOTTOMLAND® Pattern Print | Ariat's Caldwell Sweater Bearing the Accused Pattern |
|---|---|



| Haas' BOTTOMLAND® Pattern Print | Ariat's Caldwell Sweater Bearing the Accused Pattern |
|---|---|



| Haas' BOTTOMLAND® Pattern Print | Ariat's Caldwell Sweater Bearing the Accused Pattern |
|---|---|



| Haas' BOTTOMLAND® Pattern Print | Ariat's Caldwell Sweater Bearing the Accused Pattern |
|---|---|



18.     These side-by-side comparisons show that the Accused Pattern Print and the Accused Pattern Ariat is using on its products replicates multiple original and protectable elements of Haas' BOTTOMLAND® Pattern and incorporates elements that are substantially similar to Haas' BOTTOMLAND® Pattern, including, at least, overall arrangement, color palette, motif sequencing, and unique geometric repetition.

19.     Ariat knew or should have known that both the Accused Pattern Print and the Accused Pattern replicates multiple original and protectable elements of Haas' BOTTOMLAND®

Pattern and incorporates elements that are substantially similar to Haas' BOTTOMLAND®
Pattern.

20.     Haas' BOTTOMLAND® Pattern is one of the most popular, and best-selling,
camouflage patterns in Haas' catalogue of camouflage patterns. Haas has commercially benefited
from its extensive licensing of the Bottomland® Pattern. The Bottomland® Pattern has realized
and maintained significant market value through its popularity and widespread brand recognition.
As a former licensee of MOSSY OAK® patterns, Ariat has actual knowledge of Haas' licensing
structure and practices for Haas' MOSSY OAK® patterns. Ariat knew that, in order to use the
BOTTOMLAND® Pattern, it was required to first obtain a license from Haas.

21.     However, upon information and belief, Defendant was not willing to pay the fair
market price for Haas' high-quality, authorized BOTTOMLAND® Pattern. Rather than adopt a
different, non-infringing camouflage pattern for use in its products, Defendant opted to source the
Accused Pattern Print from an unauthorized vendor and to create the Accused Pattern, both of
which contain virtually identical and substantially similar elements to those in Haas'
BOTTOMLAND® Pattern. There are thousands of unique camouflage patterns available that are
not substantially similar, let along virtually identical, to the BOTTOMLAND® Pattern. But
Defendant chose not to use any of those non-infringing patterns for its products; rather, Defendant
chose to willfully disregard and blatantly violate Haas' valuable intellectual property rights.

22.     On November 4, 2025, Haas notified Ariat, in writing, that Ariat's conduct
infringed Haas' BOTTOMLAND® Pattern. Attached as Exhibit 4 is a copy of the correspondence
from Haas to Ariat.

23.     However, despite having actual knowledge of its blatant infringement, Defendant
continues to deliberately and willfully display and distribute its products bearing the Accused

Pattern on at least its website and in brick-and-mortar stores. As an additional example of its deliberate and willful conduct, Ariat has told Haas that it plans to continue to copy, reproduce, distribute, and/or publicly display infringing copies of the BOTTOMLAND® Pattern without Haas' consent or authorization by launching another clothing product with the same Accused Pattern and/or Accused Pattern Print in 2026.

24.     As a former licensee of Haas Outdoors, Ariat had access to Haas' MOSSY OAK® patterns. Until as recently as August 2025, Haas was in communication with Ariat about becoming a licensee once again so that Ariat could incorporate, among other MOSSY OAK® patterns, the BOTTOMLAND® Pattern with Ariat's products. During the course of these communications, Haas representatives provided Ariat representatives a MOSSY OAK® brand deck, which extensively references and shows the BOTTOMLAND® Pattern throughout. Accordingly, Ariat had access to Haas' BOTTOMLAND® Pattern in order to copy the BOTTOMLAND® Pattern.

25.     Ariat does not hold a license, consent, or other authorization from Haas to use any portion of the BOTTOMLAND® Pattern. Ariat's acts of utilizing and incorporating the Accused Pattern on its products constitutes unauthorized reproduction, preparation of derivative works, distribution, and public display of Haas' copyrighted BOTTOMLAND® Pattern in violation of 17 U.S.C. § 501 *et seq*.

26.     Through its copying of the BOTTOMLAND® Pattern, through creating and distributing a pattern substantially similar to Haas' BOTTOMLAND® Pattern, and through creating and distributing a derivative of the BOTTOMLAND® Pattern, Defendant seeks to trade on the good will of Haas and its BOTTOMLAND® Pattern, while seeking to avoid payment to Haas for use of its highly valuable intellectual property.

## COUNT I
## Copyright Infringement

27.    Haas incorporates by reference the allegations of Paragraphs 1 through 26 herein.

28.    Haas' BOTTOMLAND® Pattern contains artwork protected by and registered under the copyright laws of the United States. Despite this protection, Defendant has willfully misappropriated such pattern and used a pattern substantially similar to that of the BOTTOMLAND® Pattern on its products. This misappropriation of Haas' original work of authorship constitutes copyright infringement in violation of 17 U.S.C. § 501. Despite having notice that such conduct infringes Haas' BOTTOMLAND® Pattern, Ariat has and continues to copy, reproduce, distribute and/or publicly display infringing copies of the BOTTOMLAND® Pattern without Haas' consent or authorization.

29.    Upon information and belief, Ariat's infringement of Haas' BOTTOMLAND® Pattern is deliberate, willful, and in utter disregard of Haas' rights. Upon information and belief, Ariat's brazen violation of Haas' rights in and to its BOTTOMLAND® Pattern will invite others to violate Haas' intellectual property rights, which will materially damage Haas' ability to license its MOSSY OAK® patterns, including its BOTTOMLAND® Pattern.

30.    Defendant's actions have caused and—unless enjoined by this Court—will continue to cause irreparable injury to Haas for which Haas has no adequate remedy at law. Haas is therefore entitled to a preliminary and permanent injunction enjoining and restraining Defendant from reproducing, distributing, displaying, or other use of the Accused Pattern or any other pattern that is substantially similar thereto or derivative thereof.

31.    Indeed, unless enjoined, Ariat has told Haas that it plans to market and distribute another clothing product with the same Accused Pattern in 2026. Accordingly, Haas is entitled to preliminary and permanent injunctive relief prohibiting further reproduction or distribution of the

Accused Pattern, or any work substantially similar thereto or derivative thereof, an accounting for all profits recognized by Defendant from such copying, statutory damages under 17 U.S.C. §504(c), all damages incurred by Haas as a result of Defendant's conduct, and reasonable attorney fees under 17 U.S.C. §505.

<u>**COUNT II**</u>
**Preliminary Injunctive Relief**

32.     Haas incorporates by reference the allegations of Paragraphs 1 through 31 herein.

33.     Pursuant to 17 U.S.C. § 502 and based on the allegations above, Haas is entitled to preliminary injunctive relief prohibiting Defendant's further infringement of Haas' BOTTOMLAND® Pattern, including but not limited to Ariat's further use of the Accused Pattern and Accused Pattern Print, and creation or use of derivative patterns thereof.

34.     There is a substantial likelihood that Haas will succeed on the merits of all of its claims against Defendant, based on Defendant's unlawful and intentional infringement of the BOTTOMLAND® Pattern.

35.     Defendant's actions complained of above are jeopardizing, and, if allowed to proceed, will continue to jeopardize the goodwill of Haas in its valuable intellectual property. Such acts have caused, are causing and will continue to cause, irreparable injury to Haas and the consuming public. The balance of the equities favor the granting of injunctive relief: the threatened injury to Haas' reputation and goodwill outweighs any hypothetical damage that the proposed injunction may cause Defendant. Finally, the public interest favors the issuance of an injunction in this case.

36.     Without the Court's granting the relief requested, Haas will continue to suffer irreparable harm, for which there is no adequate remedy at law.

37.     Accordingly, Haas is entitled to preliminary injunctive relief prohibiting Defendant, its partners, agents, employees, affiliates, and all those acting in concert with it, from infringing Haas' BOTTOMLAND® Pattern.

**COUNT III**
**Permanent Injunctive Relief**

38.     Haas incorporates by reference the allegations of Paragraphs 1 through 37 herein.

39.     Pursuant to 17 U.S.C. § 502, Haas is entitled to permanent injunctive relief prohibiting Defendant's further infringement of Haas' BOTTOMLAND® Pattern, including but not limited to Ariat's further use of the Accused Pattern and Accused Pattern Print, and creation or use of derivative patterns thereof.

40.     Accordingly, Haas is entitled to permanent injunctive relief prohibiting Defendant, its partners, agents, employees, affiliates, and all those acting in concert with it, from infringing Haas' BOTTOMLAND® Pattern.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Haas Outdoors, Inc., requests judgment in favor of Haas and against Defendant on all counts herein, and an award of the following relief:

1. Enter a declaration that Defendant has directly infringed Haas' valid and duly issued copyright in the BOTTOMLAND® Pattern;

2. Enter a preliminary and permanent injunction enjoining and prohibiting Defendant and its officers, directors, employees, agents, affiliates, successors, assigns, licensees, and entities owned or controlled by Defendant, and all those in privity or acting in concert with them, and each of them who receives notice directly or otherwise of such injunction from:

16

a. Manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in any current or future products that bear the Accused Pattern or the Accused Pattern Print, or any products that bear substantially similar camouflage patterns thereto or derivatives thereof (collectively, the "Infringing Products"), without Haas' express written authorization;

b. Destroying, altering, removing, or otherwise dealing with the Infringing Products, or any books or records that contain any information relating to manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and otherwise dealing in the Infringing Products;

c. Concealing, destroying, altering, selling off, transferring, or otherwise disposing of and dealing with: (i) the Infringing Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendant's website(s) or online storefront(s) or any money, securities, or other property or assets of Defendant (whether said assets are located in the U.S. or abroad) from or to financial accounts associated with or utilized by Defendant in the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and sale of the Infringing Products; and

d. Assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs 2(a) through 2(c) above.

17

3. Order impounding the Infringing Products, articles by means of which the Infringing Products are produced, and records documenting the manufacture, sale, or receipt of things involved in Defendant's infringement, pursuant to 17 U.S.C. § 503(a);

4. Order requiring that Defendant recall from any distributors and retailers and deliver up to Haas for destruction any Infringing Products;

5. Order that Defendant be required to supply Haas with a complete list of entities from whom they purchased and to whom they distributed and/or sold the Infringing Products;

6. Order an accounting and disgorgement of Defendant's profits, gains, and advantages realized from its manufacturing, importing, exporting, distributing, advertising, marketing, promoting, offering for sale, selling, and otherwise dealing in the Infringing Products, including a reconciliation of all purchases and sales of the Infringing Products with documents relating to all such purchases and sales;

7. Order that Defendant pay Haas its actual damages, plus the amount of Defendant's profits attributable to the conduct alleged herein pursuant to 17 U.S.C. § 504(b);

8. Order that Defendant pay Haas, as the prevailing party, reasonable attorneys' fees, costs, and expenses pursuant to 17 U.S.C. § 505;

9. Order that, in the alternative to Haas' actual damages and Defendant's profits, Defendant pay Haas statutory damages for willful copyright infringement in the amount of $150,000 per work pursuant to 17 U.S.C. § 504(c);

10. Order that Defendant pay Haas pre-judgment and post-judgment interest on Haas' damages at the applicable rate;

11. Other such other and further relief as is just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby requests a trial by jury of all issues so triable.

Dated: November 19, 2025        Respectfully Submitted,

*/s/ W. Whitaker Rayner*
**W. Whitaker Rayner** (MS Bar No. 4666)
**Hugh A. Warren** (MS Bar No. 106711)
Jones Walker LLP
3100 N. State St., Ste. 300
Jackson, MS 39216
Telephone: (601) 949-4900
Facsimile: (601) 949-4804
Emails:     wrayner@joneswalker.com
            hwarren@joneswalker.com

**Robert J. Barefield** (MS Bar No. 99522)
**Hunter Hawley** (MS Bar No. 104972)
Haas Outdoors, Inc.
26420 East Main Street
West Point, Mississippi

*Attorneys for Plaintiff, Haas Outdoors, Inc.*

19

## VERIFICATION

I, Bill Sugg, Jr., declare as follows:

1.     I am the President of Haas Outdoors, LLC.

2.     I have read the foregoing Complaint and declare under penalty of perjury under the laws of the United States of America that the foregoing factual averments are true to my own knowledge, and I believe to be true those factual averments that are stated upon information and belief.

_____

Bill Sugg, Jr.
Haas Outdoors, Inc.

Subscribed and sworn before me this ___19th___ day of November, 2025

_____
Notary Public

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID# 75705
SHIRLEY W. SANDERS
Commission Expires
Nov. 1, 2026
CLAY COUNTY

20